Eddie DURHAM, Plaintiff–Appellant,

v.

John E. WHITE, III, et al.,
Defendants–Appellees.

No. 00–3317.

United States Court of Appeals,
Seventh Circuit.

Submitted April 6, 2001.*

Decided April 12, 2001.

Before Hon. POSNER, Hon. EASTERBROOK, and Hon. WILLIAMS, Circuit Judges.

Order

The district court dismissed this suit, apparently one for damages under 42 U.S.C. § 1983, on the authority of 28 U.S.C. § 1915A, before the defendants had been served with process. The district judge confessed to considerable difficulty in deciphering Durham's complaint, ultimately concluding that all of the themes in the complaint are frivolous.

Durham's brief on appeal does not address the district court's reasoning. Instead Durham appears to state a new legal claim—that he has been placed in a psychiatric prison without due process of law. This is at least a recognizable legal theory. See *Vitek v. Jones,* 445 U.S. 480, 100 S.Ct. 1254, 63 L.Ed.2d 552 (1980). But we do not see how Durham can present it, because his own appellate brief represents that since May 30, 2000, he has been "incarcerated at Dixon [Correctional] [C]enter, general population." We infer from reading Durham's brief as a whole that he was referred for a psychiatric evaluation on May 16, 2000, and that this evaluation led to his placement in the prison's general population. Performing a psychiatric evaluation does not infringe any prisoner's constitutional rights.

The further assertion in Durham's brief that "on May 31, 2000, I was jump on by inmate" does not meet the standards of *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), because it does not allege that any of the defendants acted wilfully or with reckless indifference to his safety; indeed, Durham does not allege that any of the defendants had any relation at all to this incident.

The district court assessed Durham a "strike" under 28 U.S.C. § 1915(g) as a result of his frivolous complaint. This frivolous appeal produces a second strike.

---

* We have concluded that oral argument is unnecessary, and the appeal is submitted on the appellant's brief and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).